UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSSEIN FAWAZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0897 |
| | § | |
| GREGORY BYERS, JOHN STOUT, & | § | |
| AMTEX SECURITY, INC., | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant John Stout's ("Stout") motion to dismiss certain claims filed by plaintiff Hussein Fawaz ("Fawaz") in his original complaint. Dkt. 15. After considering the complaint, motion to dismiss, response, and applicable law, Stout's motion (Dkt. 15) is **GRANTED IN PART & DENIED IN PART**.

## I. BACKGROUND

In late 2008 through early 2009, Fawaz engaged in negotiations for a potential stock purchase with defendant Gregory Byers ("Byers"), who was then the sole director and controlling shareholder of Amtex Security, Inc. ("Amtex"). Dkt. 1 at 3 ¶¶ 11–12. Byers contacted Fawaz to gauge his interest in purchasing Amtex stock owned by Stout, a minority shareholder and vice president of the company. *Id*. Byers told Fawaz that his "purchase of Stout's interest would leave Byers & Fawaz as the sole owners of Amtex." *Id*. at 3 ¶ 12. But instead of a direct purchase of Stout's shares, Byers proposed a two-step deal that would proceed as follows: (1) Fawaz would lend money to Amtex that would be used to purchase Stout's shares; and (2) Fawaz's loan would be converted into equity equivalent in value to the shares Stout sold to Amtex. *Id*. at 3 ¶ 13.

On March 21, 2009, Byers called a board meeting to ratify the deal.  *Id*. at 4 ¶ 15.  The minutes reflect that Byers, the sole director, approved Stout's sale of his shares for approximately $280,000.  *Id*.  This sum included an initial payment of $150,000 (Fawaz's loan).  *Id*.  Notably, the board motion does not address the agreement to transfer Stout's shares to Fawaz.  *Id*.  Fawaz pleads that "Stout was aware of, and agreed to, both the sale of his shares on these terms and the representations that had been made to Fawaz to secure his participation in the deal."  *Id*.

On March 31, 2009, Fawaz wired the $150,000 payment to Stout's Wachovia bank account in Atascocita, Texas.  *Id*. at 4 ¶ 16.  He also wired additional funds to Amtex directly in 2009.  *Id*. at 4–5 ¶ 17.  Fawaz believed, based on Byers's representations, that the money paid to Stout was for his stock and the additional funds were loans for Amtex's operations.  *Id*. at 4–5 ¶¶ 16–17.  In November 2009, Fawaz allegedly asked Byers to have the terms of the deal reduced to writing, to which Byers replied that Fawaz correctly stated the terms of the deal, affirmed that Fawaz granted a loan to Amtex, and referred to Fawaz as his partner in Amtex.  *Id*. at 5 ¶ 18.  However, although Stout transferred his shares to Amtex after receiving Fawaz's payment, Amtex did not transfer those shares to Fawaz.  *Id.* at ¶ 19.  Amtex has also never made a payment on the loan.  *Id.*

On March 29, 2013, Fawaz filed suit in this court and asserted several claims against Byers, Stout, and Amtex (collectively, the "defendants").  *Id*. at 6–10.  Fawaz seeks restitution of the money he paid to Stout and Amtex and additional consequential and exemplary damages.  *Id*. at 10–12.  On November 14, 2013, Stout moved to dismiss each of Fawaz's causes of action against him pursuant to Rule (12)(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 15.  On December 6, 2013, Fawaz responded to the motion to dismiss.  Dkt. 22.  The motion is ripe for disposition.

## II. Legal Standard

For most causes of action, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth) (internal quotation marks omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to

3

dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Moreover, if a party's claim contains allegations of fraud, the pleading must meet a heightened standard and "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). This particularity requirement "does not 'reflect a subscription to fact pleading.'" *United States v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Pleadings alleging fraud must instead contain "simple, concise, and direct allegations of the circumstances constituting fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (referring to the *Twombly* standard). Indeed, Rule 9(b) supplements, and does not "supplant" the notice pleading requirements of Rule 8(a). *Id.* at 185.

### III. ANALYSIS

Stout moves to dismiss five of Fawaz's claims: (1) statutory fraud; (2) conspiracy; (3) fraudulent transfer; (4) money had and received; and (5) fraudulent inducement.[1] Dkt. 15 at 6–8. The court will consider Stout's dismissal arguments as to each claim in turn.

#### A. *Statutory Fraud*

The Fifth Circuit strictly interprets Rule 9(b)'s heightened pleading standard, requiring the plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. While Rule 9(b) "expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097,

---

[1] Stout's motion to dismiss regarding the fraudulent inducement claim is unnecessary because Fawaz did not plead that claim against Stout. Dkt. 1 at 6 ¶ 26. The motion as to Fawaz's purported fraudulent inducement claim against Stout is therefore **DENIED AS MOOT**.

4

1102 (5th Cir. 1994).  Plaintiff "must set forth *specific facts* supporting an inference of fraud."  *Id*. (emphasis in original).

Here, although Fawaz has not asserted a claim for common-law fraud, Rule 9(b) also applies to statutory fraud cases arising under section 27.01 of the Texas Business & Commerce Code. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339–43 (5th Cir. 2008); *see also In re Enron Corp. Secs., Derivative & ERISA Litig.*, No. MDL–1446, 2010 WL 9077875, at *4 (S.D. Tex. Jan. 19, 2010) (collecting cases).  "If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks and citation omitted).  In Texas, a cause of action for statutory fraud may allege a primary or a secondary violation.  Tex. Bus. & Com. Code § 27.01.  The relevant part of the statute, as it relates to Stout's alleged secondary liability, provides:

> A person who (1) has actual awareness of the falsity of a representation or promise made by another person and (2) fails to disclose the falsity of the representation or promise to the person defrauded, and (3) benefits from the false representation or promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

Tex. Bus. & Com. Code § 27.01(d).  "[A]ctual awareness . . . means that a person knows what he is doing is false, deceptive, or unfair.  In other words, a person must think to himself at some point, 'Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway.'"  *Woodlands Land Dev. Co. v. Jenkins*, 48 S.W.3d 415, 426 (Tex. App.—Beaumont 2001, no pet.) (quoting *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 54 (Tex. 1998)).

Fawaz asserts that Byers and Fawaz agreed that the latter would lend Amtex money, Amtex would use some of that money to purchase Stout's shares, and those shares would be given to Fawaz in exchange for the loan.  Dkt. 1 at 4 ¶ 14.  Fawaz alleges that the deal was reached in early March 2009 and that Byers forwarded Fawaz corporate minutes dated March 21, 2009, which reflected Amtex's formal approval.  *Id.* at 4 ¶¶ 14–15.  Further, Fawaz asserts that Byers made false representations, with the intent of inducing Fawaz to enter into the agreement, without any intent to perform his obligations.  *Id.* at 4–7 ¶¶ 15–20, 27–30.  In addition, Fawaz alleges Byers misrepresented the terms of Amtex's approval of the deal, given that the minutes do not indicate the earlier agreement to transfer Stout's stock to Fawaz.  *Id.* at 4 ¶ 15.

Fawaz also claims that Stout, Amtex's vice president and minority shareholder, "was aware of, and agreed to, both the sale of his shares on these terms and the representations that had been made to Fawaz to secure his participation in the deal."  *Id.*  After the agreement was reached, Stout received $150,000 from Fawaz that was deposited into his bank account.  *Id*. at 4 ¶ 16.  Lastly, Fawaz conclusorily states that "Stout knew of Byers's representations and promises and knew that they were false.  He profited by not disclosing that to Fawaz."  *Id*. at 7 ¶ 33.

After reviewing Fawaz's fraud allegations, the court need not apply Rule 9(b) because the pleading fails under Rule 8(a)(2).  To satisfy Rule 8(a)(2), the pleading must contain actual facts beyond "legal conclusions."  *Iqbal*, 556 U.S. at 678–79.  Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," it fails to meet the plausibility requirement.  *Id*. at 678 (citation omitted). Fawaz's allegation that "Stout . . . knew that [Byers's representations and promises] were false," is nothing more than a "legal conclusion couched as a factual allegation." Dkt. 1 at 7 ¶ 33; *Twombly*, 550 U.S. at 555.  Stripping away this "fact," Fawaz's only well-pleaded

facts relating to his statutory fraud claim against Stout are that (1) Stout knew the initial terms of the deal; (2) Stout was the vice president and a minority shareholder of Amtex; and (3) Stout received payment for his shares.  Dkt. 1 at 3–4 ¶¶ 11, 15–16.  Accepting these facts as true, Fawaz has not pled a plausible claim for relief without any facts showing Stout's actual awareness of the allegedly false representations and promises, and this pleading does "not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  Stout's motion to dismiss Fawaz's statutory fraud claim against him is **GRANTED**.

### B.     Conspiracy

A civil conspiracy claim requires proof of: "'(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'" *Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)).  To succeed on a conspiracy claim, a plaintiff must prove either "that the defendants conspired to accomplish an unlawful purpose or used unlawful means to accomplish a lawful purpose." *Id.* at 293 (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)).  If a civil conspiracy is found, each co-conspirator is liable for the actions of any other co-conspirator that are in furtherance of the conspiracy. *See Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex. 1983).

Under Texas law, "[civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Haemic v. Conversion Serv., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (citing *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 414 (5th Cir. 2007)).  Thus, "to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort." *Id.* at 402 (citing *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640

7

(5th Cir. 2007)).  Here, Fawaz must plead and prove both that a civil conspiracy existed between the defendants and the elements of the underlying statutory fraud.  As stated above, Fawaz has failed to plead the underlying statutory fraud claim against Stout.  In addition, Fawaz's bare allegation that Stout conspired with Byers and Amtex is a "legal conclusion" and insufficient to satisfy Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79.  Stout's motion to dismiss Fawaz's civil conspiracy claim is **GRANTED**.

### C.   *Fraudulent Transfer*

In Texas, fraudulent transfer claims are governed by the Texas Uniform Fraudulent Transfer Act ("TUFTA").  TEX. BUS. & COM. CODE §§ 24.001 *et seq.*  Under the act, any obligation a debtor incurs "with actual intent to hinder, delay, or defraud any creditor of the debtor" may be voided, and a creditor may obtain "an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property[.]"  *Id.* §§ 24.005(a)(1), 24.008(a)(3)(A).  A plaintiff must satisfy three elements to establish a TUFTA claim: (1) a debtor-creditor relationship exists between the parties; and (2) the debtor incurred an obligation (3) with the actual intent to hinder, delay, or defraud the creditor.  *Id.* § 24.005(a)(1).  As an alternative to the last element, a TUFTA claim may also be premised on constructive fraud if the debtor, without receiving reasonably equivalent value in exchange for the transfer, engaged in a transaction for which its remaining assets were unreasonably small or it intended to incur debts beyond its ability to pay as they came due.  *Id.* § 24.005(a)(2).  A transferee may also be liable unless he can show that he "accepted the transfers in good faith and for reasonably equivalent value."  *Id.* § 24.009(a); *Hahn v. Love*, 321 S.W.3d 517, 526 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Stout moves for dismissal of the TUFTA claims against him on grounds that Fawaz failed to satisfy the pleading requirements of Rules 8(a) and 9(b).  Dkt. 15 at 1–2.  However, this court has

determined that Rule 9(b) does not apply to fraudulent transfer cases against a transferee where the plaintiff has not properly alleged a fraud claim against that defendant. *See Taylor v. Cmty. Bankers Secs. LLC*, No. H–12–02088, 2013 WL 3166336, at *7 (S.D. Tex. June 20, 2013) (citing *SEC v. Res. Dev. Int'l, LLC*, 487 F.3d 295, 301 (5th Cir. 2007)). Thus, Fawaz's "TUFTA claims [against Stout] need not satisfy Rule 9(b)'s heightened standard to proceed beyond the initial pleading stage." *Id.* at *7 (collecting cases).

The court now evaluates whether Fawaz's fraudulent transfer allegations satisfy Rule 8(a)(2). First, under § 24.005(a)(1), a transfer is fraudulent when made "with actual intent to hinder, delay, or defraud any creditor." TEX. BUS. & COM. CODE § 24.005(a)(1). Here, Fawaz alleges that Byers and Amtex agreed that Fawaz would lend Amtex money and that some of the money would be used to purchase Stout's shares. Dkt. 1 at 4 ¶ 14. Fawaz asserts that he reached this deal with Byers in early March 2009 and that Byers forwarded Fawaz corporate minutes dated March 21, 2009, which reflected Amtex's formal approval. *Id*. at 4 ¶¶ 14–15. In addition, Fawaz claims that Byers and Amtex made false representations with the intent to defraud Fawaz by inducing him to lend money to Amtex, and that they never intended to perform their obligations under the agreement. *Id.* at 4–7 ¶¶ 15–20, 27–30. Further, Fawaz asserts that Byers misrepresented the terms of Amtex's approval of the deal because the minutes do not indicate the prior agreement to transfer Stout's stock to Fawaz. *Id*. at 4 ¶ 15. Given these facts, the court finds that Fawaz has satisfied his pleading requirements of an actually fraudulent transfer received by Stout. Thus, Stout's motion to dismiss Fawaz's TUFTA claim under a theory of actual fraud is **DENIED**.

Fawaz also pleads a TUFTA claim premised on Amtex's constructive fraud against him. Dkt. 1 at 9 ¶ 45. Fawaz alleges that Amtex received the loan without receiving "reasonably

9

equivalent value." *Id.*  Stout argues that this claim lacks any supporting facts and should be dismissed. Dkt. 15 at 1–2.  The court agrees with Stout.

> In his complaint, Fawaz asserts that:
>
> Amtex engaged in that transaction and incurred that obligation without receiving a reasonably equivalent value in exchange.  At the time it engaged in that transaction, it was engaged (and about to engage) in business and transactions for which its assets were, in relation, unreasonably small.  It also intended to (or, at the least, believed or reasonably should have believed that it would) incur debts beyond its ability to pay them as they became due.

Dkt. 1 at 9 ¶ 45.  This conclusory pleading merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which is insufficient under Rule 8(a)(2). *Iqbal*, 556 U.S. at 678 (internal citations omitted).  Stout's motion to dismiss Fawaz's TUFTA claim arising from constructive fraud is **GRANTED**.

### D.      *Money Had and Received*

A claim for money had and received is an equitable claim based on justice of the case rather than on wrongdoing. *See Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 203 n. 1 (Tex. 2007). To prove a claim for money had and received, a plaintiff must demonstrate that the defendant holds money that in equity and good conscience belongs to the plaintiff.  *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162–63 (Tex. 2007) (per curiam) (citing *Staats v. Miller*, 243 S.W.2d 686, 687 (1951)). However, the defendant "may present any facts and raise any defenses that would deny the claimant's right or show that in equity and good conscience the claimant should not recover." *Stonebridge*, 236 S.W.3d at 205.

Here, Fawaz alleges that on March 31, 2009 he transferred $150,000 to Stout on behalf of Amtex in exchange for Amtex equity.  Dkt. 1 at 4 ¶ 16.  Stout does not attack the sufficiency of Fawaz's pleading as to this claim; rather, Stout moves to dismiss the money had and received claim

on grounds that it is barred by the statute of limitations.  Dkt. 15 at 8; *see also Beavers v. Metro. Life Ins.*, 566 F.3d 436, 438 (5th Cir. 2009) (evaluating a motion to dismiss based on the affirmative defense of the statute of limitations); *Taha v. William Marsh Rice Univ.*, No. H–11–2060, 2011 WL 6057846, at *3 (S.D. Tex. Dec. 6, 2011) ("A complaint may be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.").  In Texas, the limitations period for a money had and received claim is two years.  *Merry Homes, Inc. v. Dao*, 359 S.W.3d 881, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.2d 869, 871 (Tex. 2007)).

Generally, a cause of action for money had and received accrues when the funds are transferred.  *See Tanglewood Terrace, Ltd. v. City of Texarkana*, 996 S.W.2d 330, 337 (Tex. App.—Texarkana 1999) (citing *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 163–64 (Tex. App.—El Paso 1997, no writ). However, the date the legal injury is sustained is not necessarily the date the claim begins to accrue.  *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008) ("Under Texas law, the discovery rule is an exception to the general rule that a cause of action accrues when a wrongful act causes some legal injury.").

Fawaz has raised the discovery rule in his response to Stout's motion to dismiss.  Dkt. 22 at 10–11.  Under the discovery rule, the limitations period may be tolled if the injury is inherently undiscoverable, meaning "it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996).  However, for Fawaz to avail himself of the discovery rule, he is required to plead the rule either in his original or an amended complaint.  *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988);

11

*Taha*, 2011 WL 6057846, at *6.  Fawaz merely mentions the discovery rule at the end of his response to Stout's motion to dismiss.  Dkt. 22 at 10–11.  Therefore, Stout's motion to dismiss Fawaz's claim for money had and received is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Stout's motion to dismiss (Dkt. 15) is **GRANTED IN PART & DENIED IN PART**.  Fawaz shall have leave to replead his deficient claims and file and serve an amended complaint no later than 14 days from the date of entry of this order.

It is so **ORDERED**.

Signed at Houston, Texas on April 28, 2014.

_____
Gray H. Miller
United States District Judge