# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HUSSEIN FAWAZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0897 |
| | § | |
| GREGORY BYERS, JOHN STOUT, & | § | |
| AMTEX SECURITY, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant John Stout's ("Stout") motion to dismiss (Dkt. 30) certain claims filed by plaintiff Hussein Fawaz ("Fawaz") in his amended complaint. After considering the amended complaint, motion to dismiss, response, reply, and applicable law, Stout's motion to dismiss (Dkt. 30) is **GRANTED IN PART & DENIED IN PART**.

## I. BACKGROUND

In late 2008 through 2009, Fawaz engaged in negotiations with defendant Gregory Byers ("Byers") to loan defendant Amtex Security, Inc. ("Amtex") several thousand dollars.[1] Dkt. 29 at 2. Part of the loan was supposed to go toward buying out Amtex's minority shareholder, defendant John Stout ("Stout"), and the rest would aid running the business. Dkt. 29 at 1. Once Amtex repurchased the shares from Stout, Fawaz's loan was to be converted into equity and Stout's former shares issued to Fawaz. *Id.* Fawaz claims that Amtex paid Stout an unreasonably large amount to buy the stock back and then never issued Stout's stock to Fawaz, or paid back the loan. *Id.*

---

[1] The facts of this case were reviewed in detail in the court's previous motion to dismiss this case. Dkt. 28. Therefore, this motion merely summarizes the facts and highlights the newly pleaded facts.

On March 29, 2013, Fawaz filed suit in this court and asserted several claims against Byers, Stout, and Amtex (collectively, the "defendants"). Dkt. 1 at 6–10. Stout moved to dismiss each of Fawaz's causes of action against him pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6). Dkt. 15. The court granted Stout's motion to dismiss the claims of statutory fraud, conspiracy, fraudulent transfer on constructive transfer theory, and money had and received. Dkt. 28. The court denied the motion as to Fawaz's claim of fraudulent transfer on actual transfer theory. *Id.* At that time, the court granted Fawaz leave to replead his deficient claims.

Fawaz timely filed an amended complaint on May 12, 2014. Dkt. 29. In the amended complaint, Fawaz made similar assertions to those in the original complaint, but he did make a few new assertions. Fawaz claims that Stout was motivated to sell his shares of Amtex by any method and required "assurances that were furnished by Byers' sharing of the actual plan to obtain Fawaz's money." *Id.* at 4 ¶ 20. However, Fawaz was not told of the full details of the plan. *Id.* at 4 ¶ 21. Fawaz also asserts that when Amtex was insolvent, it owed Stout at least $70,000 in loans, and it used Fawaz's money to pay Stout. More specifically, Fawaz asserts that Amtex purchased $150,000 worth of stock back from Stout for $280,000. *Id.* at 3 ¶ 14; 10 ¶¶ 60–62.

Stout subsequently filed a motion to dismiss the claims in Fawaz's amended complaint. Dkt. 30. The motion has been responded to and is ripe for discussion.

## II. Legal Standard

For most causes of action, Federal Rule of Civil Procedure Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted."

2

FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth) (internal quotation marks omitted). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Moreover, if a party's claim contains allegations of fraud, the pleading must meet a heightened standard and "state with particularity the circumstances constituting fraud." FED. R. CIV.

3

P. 9(b). This particularity requirement "does not 'reflect a subscription to fact pleading.'" *United States v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Pleadings alleging fraud must instead contain "'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (referring to the *Twombly* standard). Indeed, Rule 9(b) supplements, and does not "supplant" the notice pleading requirements of Rule 8(a). *Id*. at 185.

### III. ANALYSIS

Stout moves to dismiss four of Fawaz's claims: (1) statutory fraud; (2) fraudulent transfer; (3) conspiracy; (4) money had and received.[2] Dkt. 30. The court will consider Stout's dismissal arguments as to each claim in turn.

*A.    Statutory Fraud*

A claim for statutory fraud requires:

A person who (1) has actual awareness of the falsity of a representation or promise made by another person and (2) fails to disclose the falsity of the representation or promise to the person defrauded, and (3) benefits from the false representation or promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

TEX. BUS. & COM. CODE § 27.01(d). Actual awareness means that a person must think, "'Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway.'" *Woodlands Land*

---

2 Stout also moves to dismiss plaintiff's alleged claims of fraudulent concealment. Dkt. 30 at 14. However, the court reads Fawaz's assertions of the discovery rule and fraudulent concealment as responses to statute of limitations defenses that defendants might raise. Dkt. 29 at 6–7. Because Fawaz does not appear to assert fraudulent concealment as a stand-alone claim, and it is traditionally a defense to a claim, Stout's attempt to dismiss such a claim is denied. *See, e.g.*, *Seatrax, Inc. v. Sonbeck Intern. Inc.*, 200 F.3d 358, 366 (5th Cir. 2000) (discussing whether the defense of fraudulent concealment applied to the case, and referring to the defense as an "equitable doctrine" that tolls the statute of limitations).

*Dev. Co. v. Jenkins*, 48 S.W.3d 415, 426 (Tex. App.—Beaumont 2001, no pet.) (quoting *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 54 (Tex. 1998)).

Federal Rule of Civil Procedure Rule 9(b) also applies to statutory fraud cases arising under section 27.01 of the Texas Business & Commerce Code. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339–43 (5th Cir. 2008). This standard requires the plaintiff "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Dorsey*, 540 F.3d at 339 (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Further, while Rule 9(b) "expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Meldor v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).

Fawaz essentially makes the same claim he did in his original pleading, a claim the court dismissed. Fawaz again pleads that Stout received $150,000 from Fawaz after the agreement was finalized and that money was deposited into his bank account. *Id*. at 5 ¶ 22. Fawaz again conclusorily states that "Stout knew of Byers's representations and promises and knew that they were false. He profited by not disclosing that to Fawaz." *Id*. at 8 ¶ 44. The only new facts Fawaz pleads as to his statutory fraud claim are that Amtex was insolvent (Dkt. 29 at 2– 3 ¶¶ 12-14); that Stout was motivated to sell his shares of Amtex and required "assurances that were furnished by Byers' sharing of the actual plan to obtain Fawaz's money" (*Id.* at 4 ¶ 20); and that Fawaz was not told of the secret plan (*Id.* at 4 ¶ 21).

After reviewing Fawaz's fraud allegations, the court need not apply Rule 9(b) because the pleading still fails under Rule 8(a)(2), as it did in the court's prior order. Fawaz's allegation that "Stout . . . knew that [Byers's representations and promises] were false," is nothing more than a

5

"legal conclusion couched as a factual allegation." Dkt. 29 at 8 ¶ 44; *Twombly*, 550 U.S. at 555. Although Fawaz attempts to establish that Stout had actual knowledge of a plan to defraud Fawaz by stating that Stout provided assurances to Byers of the plan to obtain Fawaz's money, this is a conclusion without supporting facts. Fawaz also does not establish awareness that can be inferred by providing the court with objective manifestations that indicate Stout acted with actual awareness. Even if the court found that Fawaz had pled sufficient facts under Rule 8(a)(2), his conclusory statements do not meet the Rule 9(b) standard that requires the plaintiff to specify the statements contended to be fraudulent, explain why the statements were fraudulent, and state when and where the statements were made. Stout's motion to dismiss Fawaz's statutory fraud claim is **GRANTED**.

### B. *Fraudulent Transfer*

In Texas, fraudulent transfer claims are governed by the Texas Uniform Fraudulent Transfer Act ("TUFTA"). TEX. BUS. & COM. CODE §§ 24.001 *et seq*. Under the act, any obligation a debtor incurs "with actual intent to hinder, delay, or defraud any creditor of the debtor" may be voided, and a creditor may obtain "an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property[.]" *Id.* §§ 24.005(a)(1), 24.008(a)(3)(A). A plaintiff must satisfy three elements to establish a TUFTA claim: (1) a debtor-creditor relationship exists between the parties; and (2) the debtor incurred an obligation (3) with the actual intent to hinder, delay, or defraud the creditor. *Id.* § 24.005(a)(1). As an alternative to the last element, a TUFTA claim may also be premised on constructive fraud of the debtor, without receiving reasonably equivalent value in exchange for the transfer, engaged in a transaction for which its remaining assets were unreasonably small or it intended to incur debts beyond its ability to pay as they came due. *Id.* § 24.005(a)(2). A transferee may also be liable unless he can show that he "accepted the transfers

in good faith and for reasonably equivalent value." *Id*. § 24.009(a); *Hahn v. Love*, 321 S.W.3d 517, 526 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Stout makes three new arguments for dismissal of the TUFTA claim, arguing that Fawaz cannot assert a claim under TUFTA because (1) Fawaz improperly claims that the transfer was valid and enforceable, yet fraudulent; (2) Stout no longer has a property interest in the stock; (3) Fawaz's participation in arranging the transaction constitutes acquiescence that forecloses his TUFTA claim. Dkt. 30 at 16–18.

As to Stout's first argument, the *Wholstein v. Aliezer* case he cites is not supportive of his argument. 321 S.W.3d 765, 769 (Tex. App.—Houston [14th] 2010, no pet. h.). The only discussion in *Wohlstein* relevant to the present case is whether a party qualified as a transferee. The court found that a fact issue existed because the alleged transferee had significant control over the money transferred to it. This does not support Stout's argument that Fawaz cannot claim the transfer was both valid and fraudulent. To the extent that Stout is instead arguing that Fawaz has not stated a claim upon which relief can be granted because he allegedly makes conflicting statements, the court finds below that Fawaz has pled sufficient facts to state a claim upon which relief can be granted at the motion to dismiss phase.

Stout bases his second argument on the rule that, in a fraudulent transfer claim, the debtor must have had an interest in the property that was transferred, and he cites *In re Avado Brands, Inc.* for support. 358 B.R. 868, 880 (N.D. Tex. 2006). In the section of the case cited by Stout, the court was considering whether the release of legal claims could be property that could be fraudulently transferred. *Id.* at 881. The court declined to determine the issue or dismiss the claim based on the issue. *Id.* This court is not persuaded that this case supports dismissing Fawaz's claim because

Stout no longer has an interest in the Amtex stock. Fawaz pleads that he loaned money to Amtex, and that Amtex used that money to buy stock from Stout, an insider, with the intent to defraud Fawaz. Dkt. 29 at 10. Even though Fawaz was allegedly directed by Amtex to pay money directly to Stout, instead of Amtex physically taking hold of the money and Amtex transferring the money itself, Fawaz has pled sufficient facts to claim at this point that the transaction involved an exchange of money and stock between Amtex and Stout that could be the basis of a TUFTA claim.

As to Stout's third argument, he cites no authority requiring that Fawaz's TUFTA claim against him must be dismissed because Fawaz acquiesced in the transaction. The only cases he cites speak to equitable doctrines. Even if the court were inclined to grant a motion to dismiss on these grounds, Fawaz pleads sufficient facts at this juncture to defeat such a motion. Fawaz pleads that he was unaware of the ultimate plans for his money, and in particular, that he was unaware that the money would be used to make an unreasonable exchange of $280,000 for stock valued at just $150,000. Dkt. 29 at 5–6.

Stout's three new arguments against Fawaz's TUFTA claims are not sufficient to defeat Fawaz's pleadings. Stout also argues that all of Fawaz's claims fail under Rule 9(b) and Rule 8(a), and therefore the actual and constructive fraudulent transfer claims fail on this ground. Dkt. 30 at 2, 5. This court has already determined that Rule 9(b) does not apply to fraudulent transfer cases against a transferee where the plaintiff has not properly alleged a fraud claim against the defendant. Dkt. 28 at 9. Therefore, the court only considers whether Fawaz's claims satisfy Rule 8(a)(2).

A transfer is fraudulent when made "with actual intent to hinder, delay, or defraud any creditor." TEX. BUS. & COM. CODE § 24.005(a)(1). There is a list of eleven "badges of fraud" courts may use to determine whether or not a fraudulent transfer has occurred. *Id.* § 24.005(b). A single

8

badge of fraud is not enough to find a fraudulent transfer occurred, but a few badges together can support an inference of actual fraudulent transfer. *Soza v. Hill*, 542 F.3d 1060, 1066–67 (5th Cir. 2008). In the amended complaint, Fawaz sufficiently pleads several badges of fraud (Dkt. 29 at 10 ¶ 63), such as that Stout was an insider (*Id.* at 2,), that the terms of the transfer were concealed from Fawaz (*Id.* at 4), and that the transaction occurred simultaneously with Amtex's incurring of a large debt to Fawaz (*Id.* at 5). Because Fawaz alleges the same facts in his amended complaint (Dkt. 29) as he did in his original complaint (Dkt. 1) that defeated a motion to dismiss, and has now several badges of fraud, the court finds that Fawaz has satisfied his pleading requirements of an actual fraudulent transfer claim received by Stout. Thus, Stout's motion to dismiss Fawaz's TUFTA claim under a theory of actual fraud is **DENIED**.

Fawaz also pleads a TUFTA claim premised on Amtex's constructive fraud against him. Dkt. 29 at 10 ¶ 62. Constructive fraudulent transfer is established when the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction." TEX. BUS. & COM. CODE § 24.005(a)(2)(A). Reasonably equivalent value is further defined as being "within the range of values for which the transferor would have sold the assets in an arm's length transaction." *Id.* § 24.005(d).

Fawaz, in his amended complaint, alleges that Amtex received the loan without receiving reasonably equivalent value; specifically, Fawaz asserts that when Amtex was insolvent, it used Fawaz's money to pay Stout and that it purchased $150,000 in stock for $280,000. Dkt. 29 at 10 ¶¶ 60–62. Based on the facts pled, paying nearly twice the amount for stock than what it is valued for

9

plausibly establishes that Amtex did not receive reasonably equivalent value. Fawaz has moved past conclusory statements and mere recitation of the elements of constructive fraudulent transfer by asserting concrete facts and values. Therefore, Stout's motion to dismiss Fawaz's TUFTA claim arising from constructive fraud is **DENIED**.

### C. *Conspiracy*

A civil conspiracy claim requires proof of: "'(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'" *Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). To succeed on a conspiracy claim, a plaintiff must prove either "that the defendants conspired to accomplish an unlawful purpose or used unlawful means to accomplish a lawful purpose." *Murray*, 405 F.3d 278 at 293. Civil conspiracy also requires a "specific intent" to agree to the unlawful purpose. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (quoting *Triplex Comms., Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995)). Even though civil conspiracy can be shown through circumstantial evidence, the pleading must assert some facts that Stout and Byers had a common goal or course of action to defraud Fawaz. *See Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857–58 (Tex. 1968). Further, "[c]ivil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Haemic v. Conversion Serv., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (citing *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 414 (5th Cir. 2007)).

Fawaz makes conspiracy claims against Stout as to statutory fraud, fraudulent transfer, fraudulent inducement, conversion, and promissory estoppel. Dkt. 29 at 11 ¶ 68. Fraudulent transfer

10

is a tort. *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App. – Dallas 2005, no pet). The fact that conspiracy requires participation in an underlying tort, and Fawaz has not pled claims against Stout for fraudulent inducement, conversion, and promissory estoppel, means that Fawaz has not properly pled a conspiracy claim as to those offenses. Further, because the court found that Fawaz did not sufficiently plead facts to state a claim against Stout for statutory fraud, Fawaz has not pled a conspiracy claim against Stout. Finally, while Fawaz has pled sufficient facts to assert a fraudulent transfer claim against Stout, he still must meet the other elements of conspiracy, including alleging facts that show a common goal to defraud and the specific intent of Stout to participate in the conspiracy.

The amended complaint again asserts that Stout and Byers "agreed on either or both of the object of the combination and the course of action to achieve that object [defrauding Fawaz]." Dkt. 29 at 11 ¶ 65. Fawaz attempts to elaborate on Stout's intent by stating, "Stout knowingly stood silent so he could profit from those misrepresentations." *Id.* at 11 ¶ 66. Fawaz's amended complaint also states that Byers shared the "actual plan" with Stout. *Id.* at 4 ¶ 20. All of these statements are conclusions. Fawaz's amended complaint is bare of specific facts that support Stout's knowledge and participation in a plan to defraud Fawaz. The conclusion that Stout knew of a plan does not meet Fawaz's burden under Rule 8(a)(2) to plead facts that show a claim is plausible. Therefore, Stout's motion to dismiss Fawaz's civil conspiracy claim is **GRANTED**.

### D. *Money Had and Received*

A claim for money had and received is an equitable claim based on justice of the case rather than on wrongdoing. *See Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 205 (Tex. 2007). In Texas, the statutory limitations period for a money had and received claim is two years. *Merry*

*Homes, Inc. v. Dao*, 359 S.W.3d 881, 884 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.); *see also Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.2d 869, 871 (Tex. 2007) (per curiam). Fawaz has conceded that his claim for money had and received cannot be sustained under an exception to the statute of limitations. Dkt. 37 at 5. He states, "Fawaz concedes that his pleadings don't establish an exception to limitations that would allow him to pursue Stout for money had and received. Dismissal of that claim would be proper." *Id.* Therefore, Stout's motion to dismiss Fawaz's claim for money had and received is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, Stout's motion to dismiss (Dkt. 30) is **GRANTED IN PART & DENIED IN PART**. The only remaining claims against Stout are the fraudulent transfer claims.

It is so **ORDERED**.

Signed at Houston, Texas on November 17, 2014.

_____
Gray H. Miller
United States District Judge